**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JERMADA ROBERTSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-242 (MTT)** |
| | ) | |
| **LA PARILLA MEXICAN RESTAURANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

On May 28, 2026, Plaintiff Jermada Robertson, proceeding pro se, filed an amended motion to proceed *in forma pauperis* ("IFP") in the Northern District of Georgia. ECF 6. After granting Plaintiff's amended motion to proceed IFP, the Northern District transferred the case here for further proceedings, including the frivolity review required under 28 U.S.C. § 1915(e)(2)(B). ECF 8; 11. Plaintiff's complaint lacks important factual allegations that Plaintiff may have omitted because of his pro se status. Thus, the Court **ORDERS** Plaintiff to amend his complaint by **July 13th, 2026**.

### I. DISCUSSION

**A. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (citation modified). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court

determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Plaintiff is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). Even so, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Plaintiff asserts a race discrimination and retaliation claim under Title VII. ECF 7 at 3–4. To sustain a claim for race discrimination under Title VII, the plaintiff must allege sufficient facts to demonstrate that he suffered some adverse employment action because of race discrimination. *See Horace v. ARIA*, 2024 WL 1174398, at * 5 (11th Cir. March 19, 2024) (explaining that while the plaintiff need not plausibly allege a prima

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).

facie case of discrimination, he must allege facts to "plausibly suggest that [the plaintiff] suffered an adverse employment action due to intentional racial discrimination." (citation modified)). The complaint does not allege facts plausibly suggesting Plaintiff suffered an adverse employment action because of intentional race discrimination. *See* ECF 7. It is not clear whether this deficiency is because of the manner in which the allegation has been pled or whether the claim simply lacks substance.

However, given Plaintiff's pro se status, the Court will afford Plaintiff an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Plaintiff is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings and cite the appropriate statutory or constitutional authority for bringing his claims. Plaintiff shall have until **July 13th, 2026**, to file his amended complaint.

In the "statement of claims" section of his amended complaint, Plaintiff must link any claims he makes to the named defendant. If Plaintiff fails to link the defendant to a claim, the claim will be dismissed.

Plaintiff must provide enough facts to plausibly demonstrate that actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Plaintiff injured as a result of the defendant's actions?

The amended complaint will take the place of and supersede Plaintiff's original complaint. *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013). Plaintiff may not refer to, or incorporate by reference, his previous complaint. The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## B. Fed. R. Civ. P. 11 Obligations

The Court informs Plaintiff of his obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs Plaintiff's representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

## C. Artificial Intelligence

Finally, the Court has seen a marked increase in the use of artificial intelligence ("AI") by unrepresented parties, who may not understand fully their pleading obligations. To assist Plaintiff in meeting his pleading obligations, the Court **ORDERS** the following:

**In all pleadings, including Plaintiff's amended complaint, Plaintiff shall include a signed statement disclosing whether Plaintiff used AI to assist in the preparation of and drafting of the pleading. Plaintiff need not disclose specifically how Plaintiff used AI. The statement shall also certify that Plaintiff has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph shall result in sanctions, including, if appropriate, dismissal of this lawsuit.**

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Plaintiff is **ORDERED** to amend his complaint no later than **July 13, 2026**.

**SO ORDERED**, this 23rd day of June, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT